IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN K. FAILON,
    Appellant,

v.                                              Civil Action No. 3:16-cv-00926-JAG

COMPASS CHEMICAL
INTERNATIONAL, LLC,
    Appellee.

## OPINION

Brian K. Failon appeals the order of the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") holding nondischargeable a debt that Failon owes to Compass Chemical International, LLC ("Compass"). Because the Bankruptcy Court correctly applied the facts found in the litigation from which the debt arose to the elements of nondischargability, the Court AFFIRMS the decision of the Bankruptcy Court.

## I. BACKGROUND

The Court will provide only a summary of the facts in this case, as the opinion of the Bankruptcy Court included a thorough recitation of the facts. *Compass Chems. Int'l, LLC v. Failon (In re Failon)*, Adv. Pro. No. 11-03229-KLP, 2016 WL 1238912, at *1–8 (Bankr. E.D. Va. Mar. 29, 2016).

Failon worked for Compass from 1999 through July 2009. About a month before his departure, Compass sent Failon a new employment agreement that reduced his base salary by thirty percent. A few days later, Failon met with a competitor of Compass about working with the competitor in the future. A few days after that, Failon wiped the hard drive of a Compass-owned computer. He also instructed that the statement from the company doing the wiping *not* include the wipe of the hard drive. A few weeks later, Failon rejected the new employment

agreement and returned the Compass-owned computer. Failon then formed a new company and began to solicit clients of Compass. In November 2009, Compass sued Failon and the new company in Georgia (the "Georgia Litigation").

In October 2010, Compass filed a motion for spoliation sanctions in the Georgia Litigation based on (1) Failon having wiped the hard drive of a Compass-owned computer prior to his departure, and (2) his inconsistent testimony on the issue during discovery. The district court referred the motion to a magistrate judge who conducted a three-day evidentiary hearing. In February 2011, the magistrate judge issued his report and recommendation (the "Spoliation Report"). The Spoliation Report found that Failon had engaged in spoliation of evidence and had lied about it. The Report recommended that the district court sanction Failon. In reaching this decision, the magistrate judge applied a five-factor test that included a finding that Failon had acted in bad faith. The district court approved the Spoliation Report and directed Failon to pay Compass $123,835.95 (the "Spoliation Damages").

Failon filed for bankruptcy in June 2011. In September 2011, Compass filed a complaint against Failon in the Bankruptcy Court, initiating an adversary proceeding. In June 2015, Compass filed a partial motion for summary judgment in the adversary proceeding seeking summary judgment as to the dischargability of the Spoliation Damages. On March 29, 2016, the Bankruptcy Court granted the partial motion, holding the Spoliation Damages nondischargeable under 11 U.S.C. § 523(a)(6). In so holding, the Bankruptcy Court applied the factual findings from the Spoliation Report to the elements of § 523(a)(6). Failon appealed.[1]

---

[1] Failon originally appealed in May 2016. *Failon v. Compass Chems. Int'l, LLC*, No. 3:16-cv-00317-JAG. The Court dismissed the appeal for lack of jurisdiction because Failon had appealed an interlocutory order, and remanded the case to the Bankruptcy Court. On remand, the Bankruptcy Court entered final judgment. Failon timely appealed.

## II. DISCUSSION[2]

Section 523(a)(6) excludes from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Importantly, the words "willful" and "malicious" modify the word "injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). This indicates "that nondischargability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Id.* (emphasis in original). The Fourth Circuit has phrased this inquiry as whether the debtor intended to injure the creditor (or the creditor's property), as opposed to engaging in an intentional act that injured the creditor. *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 729 (4th Cir. 2006).

In this case, Failon intended to injure Compass when he wiped the computer. Failon acted deliberately and intentionally, and he knowingly disregarded Compass's rights. Further, the facts show that Failon had intent to injure Compass with these actions. Accordingly, the Spoliation Damages awarded in the Georgia Litigation because of these actions are not dischargeable in bankruptcy under § 523(a)(6).

## III. CONCLUSION

For the reasons stated, and for the reasons stated by the Bankruptcy Court, *Compass Chems. Int'l, LLC v. Failon (In re Failon)*, Adv. Pro. No. 11-03229-KLP, 2016 WL 1238912 (Bankr. E.D. Va. Mar. 29, 2016), the Court AFFIRMS the judgment of the Bankruptcy Court.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Order to all counsel of record.

Date: May 8, 2017
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[2] Appellate courts review the factual findings of the bankruptcy court for clear error and review questions of law de novo. *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).

3